IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BRANDY CORNETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-126 (LAG) |
| | : | |
| SUMTER COUNTY, *et al.*, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Before the Court is pro se Plaintiff Brandy Cornett's Motion for Enforcement of Settlement Agreement and Motion for Immediate Hearing (Doc. 1), Motion for Leave to Proceed *In Forma Pauperis* (IFP) (Doc. 2), and Emergency Motion for Temporary Restraining Order and Motion for Enforcement of Settlement Agreement (Doc. 3). For the reasons below, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**; Plaintiff's Motion for Enforcement of Settlement Agreement and Motion for Immediate Hearing (Doc. 1) is construed as a Complaint and is **DISMISSED**; and Plaintiff's Emergency Motion for Temporary Restraining Order and Motion for Enforcement of Settlement Agreement (Doc. 3) is **DENIED**. Plaintiff may file an amended complaint within **thirty (30) days**.

## **BACKGROUND**

On September 4, 2025, Plaintiff initiated this pro se action against Defendants Sumter County, Sheriff's Office, DFCS, County Administrators, and County Council[1] and filed an IFP Motion (Docs. 2), a Motion for Enforcement of Settlement Agreement and Motion for Immediate Hearing (Complaint)[2] (Doc. 1), and an Emergency Motion for

---

[1] The Court presumes that Plaintiff is referring to the Sumter County Sheriff's Office, Sumer County Department of Family and Child Services, Sumter County Administrators, and Sumter County Council. Should Plaintiff seek leave to file an amended complaint, she must take care to properly identify the Defendants.

[2] The Court construes the Motion for Enforcement of Settlement Agreement and Motion for Immediate Hearing (Doc. 1) as the Complaint.

Temporary Restraining Order and Motion for Enforcement of Settlement Agreement (Doc. 3).

Plaintiff alleges that her disabled daughter was repeatedly abused, that her report of the abuse was mischaracterized, and that Defendants failed to take appropriate action to prevent further harm. (Doc. 2 at 16–21). The Complaint sets forth allegations arising between August 22, 2025, and September 2, 2025. (*Id.*). For each date, Plaintiff provides a cursory narrative of the events that allegedly occurred, followed by citations to the laws she believes were violated on that specific day. (*Id.*).  In sum, Plaintiff alleges that "[f]rom August 22 onward, multiple laws were violated: [Child Abuse and Treatment Act (CAPTA)] mandates, [Americans with Disabilities Act (ADA)] protections, Georgia child abuse statutes, and federal witness retaliation statutes." (*Id.* at 21). The Emergency Motion for Temporary Restraining Order and Motion for Enforcement of Settlement Agreement (Doc. 3) mirrors the Complaint's allegations and format. (*See generally* Doc. 3). Therein, Plaintiff asks the Court for an "Immediate Hearing," "Immediate Disbursements of Funds," "Judicial Recognition of Unsafe Conditions," and "ADA Compliance Going Forward." (*Id.* at 1).

**LEGAL STANDARD**

Courts follow a well-established, two-step procedure when a pro se plaintiff seeks to file a complaint without prepaying the filing fee under 28 U.S.C. § 1915. *See Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985); *Anderson v. Perez*, 860 F. App'x 688, 689 (11th Cir. 2021) (per curiam). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup*, 760 F.2d at 1114. Courts may authorize an action to proceed "without prepayment of fees or security" if the person seeking IFP status "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). Section 1915 is designed to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). When considering an IFP motion, the Court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Bourassa v. Dozier*, 832 F.

2

App'x 595, 597 (11th Cir. 2020) (per curiam) (citation omitted). An IFP affidavit is "sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents" without foregoing the necessities of life. *Id.* (citation omitted); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

This finding does not, however, create an absolute right to proceed in civil actions without payment of costs. Before plaintiffs seeking IFP status can proceed with their claims, "the district court must 'screen' [their] complaint" to determine whether the claim asserted is "frivolous or malicious" and whether the plaintiff has successfully stated "a claim on which relief may be granted." *Anderson*, 860 F. App'x at 689 (quoting 28 U.S.C. § 1915(e)(2)) (conducting the § 1915(e)(2) frivolity review in a case with a non-prisoner plaintiff); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam) (noting that although Congress used the word "prisoner," § 1915 applies to non-prisoner indigent litigants as well as prisoners). Section 1915(e) provides that an IFP action shall be dismissed, at any time, if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissal for failure to state a claim is appropriate if the complaint's factual allegations fail to state a claim for relief that is 'plausible on its face.'" *Jacobs v. Blando*, 592 F. App'x 838, 840 (11th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

As a general rule, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"). "But the leniency

3

accorded pro se litigants does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

## DISCUSSION

### I.   Motion for Leave to Proceed IFP

Plaintiff is unemployed and receives disability benefits and public assistance. (Doc. 2 at 2). Plaintiff anticipates receiving $967 in disability benefits and $576 in public assistance monthly. (*See id.*). Plaintiff represents that "after [she] pays all bills [she] ha[s] $68." (*Id.* at 5). As such, her monthly income is insufficient to cover the $405.00 filing fee in this Court; and Plaintiff sufficiently has represented that, under § 1915(a), she is "unable to pay for the court fees and costs, and to support and provide necessities for h[er]self." *Bourassa*, 832 F. App'x at 597 (quoting *Martinez*, 364 F.3d at 1307). Accordingly, the Motion to Proceed IFP is **GRANTED**.[3]

### II.   Frivolity Review

Having concluded that Plaintiff is eligible to proceed IFP, the Court now assesses whether Plaintiff's claim passes the 28 U.S.C. § 1915(e)(2) frivolity review. For the reasons discussed below, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

---

[3] Notably, Plaintiff's IFP application contains several apparent inconsistencies. For example, Plaintiff reports receiving $11,604 in disability benefits and $6,912 in public assistance as her "Average monthly income during the past 12 months," suggesting a total monthly income of $18,516. (Doc. 2 at 2). This appears to be a mistake as, in the space designated for her total average monthly income, Plaintiff lists $0. (*See id.*). Similarly, although Plaintiff states she expects to receive $967 in disability benefits and $576 in public assistance next month, she again lists her "Income amount expected next month" as $0. (*See id.*). Plaintiff also identifies specific monthly expenses totaling $829, but lists her "Total monthly expenses" as $0. (*See id.* at 4–5). Even assuming her actual monthly income is $1,583—the sum of her disability benefits and public assistance—and her expenses are $829, it is unclear how she could be left with only $68 after expenses. (*See id.* at 1–5). Thus, while the Court "liberally construe[s] [Plaintiff's IFP] application" and finds that she is indeed unable to pay the filing fee, *see Horn v. Sec'y, Fla. Dep't of Corr.*, No. 20-13952-G, 2021 WL 1608744 at *1 (11th Cir. Mar. 24, 2021) (collecting cases), Plaintiff is advised to ensure that future filings are accurate and internally consistent.

Plaintiff's Complaint is an impermissible shotgun pleading, and trial courts are directed to "step in and require a repleader" when reviewing such complaints. *Starship Enters. of Atlanta, Inc. v. Coweta County*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013); *see also Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). District courts are similarly instructed to give a *pro se* plaintiff an opportunity to amend the complaint when it appears that the complaint might state a claim if it is more carefully drafted. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (per curiam) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)).

Federal Rules of Civil Procedure 8 and 10 set forth the requirements for complaints filed in federal court. At a minimum, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief" set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2), 10(b). A complaint that does not adhere to the basic requirements of Rules 8 and 10 is a "shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The Eleventh Circuit has "little tolerance" for shotgun pleadings, which "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291,1295 (11th Cir. 2018)).

A complaint is a shotgun pleading if it: (1) contains "multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fails to "separate 'each cause of action or claim for relief' into a different count"; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1324–25 (alteration in original) (quoting *Weiland*, 792 F.3d at 1321–23). The "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims

against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (first citing *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) (per curiam); and then citing *Boatman v. Town of Oakland*, 76 F.3d 341, 343 n.6 (11th Cir. 1996)).

The Complaint possesses all the hallmarks of a quintessential shotgun pleading. First, by structuring the Complaint so that only a few factual allegations precede citations to several statutes Plaintiff claims were "[b]roken," the Complaint effectively presents "multiple counts where each count adopts the allegations of all preceding counts." (*See* Doc. 1 at 16–21); *Barmapov*, 986 F.3d at 1324–25. Second, because the Complaint presents several factual allegations as if they apply equally to multiple alleged legal violations, the Complaint fails to "*obviously* connect[ the facts] to any *particular* cause of action." (*See* Doc. 1 at 16–21); *Barmapov*, 986 F.3d at 1325 (emphasis added). Third, the Complaint makes no effort whatsoever to "separate 'each cause of action or claim for relief' into a different count." (*See* Doc. 1 at 16–21); *Barmapov*, 986 F.3d at 1325. And fourth, by citing numerous statutes allegedly violated without identifying which Defendants are responsible for which violation, the Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim[s are] brought against." (*See* Doc. 1 at 16–21); *Barmapov*, 986 F.3d at 1325. Thus, the Complaint (Doc. 1) must be **DISMISSED**.

## III.    Preliminary Relief

It is unclear whether Plaintiff's Emergency Motion for Temporary Restraining Order and Motion for Enforcement of Settlement Agreement (Doc. 3) seeks merely a temporary restraining order, a preliminary injunction, or both. What is clear, however, is that neither can be granted. Both a temporary restraining order and a preliminary injunction require the movant to demonstrate "a substantial likelihood of success on the merits" of their claims before the Court may grant such relief. *Long v. Sec'y*, 924 F.3d 1171, 1176 (11th Cir. 2019) (citations omitted); *Keister v. Bell*, 879 F.3d 1282 (11th Cir. 2018) (citations omitted). As previously discussed, Plaintiff has not demonstrated a likelihood of success on any of the claims in the Complaint because she failed to plead factual content to raise an inference

that the Defendants are liable for the alleged misconduct. *Jacobs*, 592 F. App'x at 840; *Barmapov*, 986 F.3d at 1324–25.

Further, Plaintiff's requested relief is inconsistent with the relief typically granted with respect to temporary restraining orders and preliminary injunctions. Plaintiff requests monetary damages, and declaratory relief in the form of an "acknowledgment that Plaintiff . . . cannot safely exist in Sumter County" and a demand that "all proceedings [] honor Plaintiff's [ADA] accommodations" moving forward. (*See* Doc. 3 at 1). In other words, Plaintiff "is requesting *permanent* relief, rather than the short-term relief typically contemplated" by a temporary restraining order or preliminary injunction. *Jackson v. Inch*, 816 F. App'x 309, 311 (11th Cir. 2020); *see Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290 (11th Cir. 2022). For both reasons, Plaintiff's Motion (Doc. 3), however construed, must be **DENIED**.

## CONCLUSION

Accordingly, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**; Plaintiff's Motion for Enforcement of Settlement Agreement and Motion for Immediate Hearing (Doc. 1) is construed as a Complaint and is **DISMISSED**; and Plaintiff's Emergency Motion for Temporary Restraining Order and Motion for Enforcement of Settlement Agreement (Doc. 3) is **DENIED**. District courts are instructed to give a pro se plaintiff an opportunity to amend the complaint when it appears the complaint might state a claim if it is more carefully drafted. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). For this reason, Plaintiff is hereby given leave to file an Amended Complaint, within thirty (30) days of the date of this Order. Failure to file an amended complaint in a timely manner may result in dismissal.[4]

---

[4] This case has been consolidated with *Cornett v. Sumter Cnty. Sheriff's Office*, *et al.* (1:25-cv-151). If Plaintiff wishes to file an amended complaint with respect to either case, she must do so in this matter, 1:25-CV-126.

**SO ORDERED**, this 3rd day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**